UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-22219-RAR

**SIMPLE MINDS LIMITED**,

    Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"**,

    Defendants.
_____/

## FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION

**THIS CAUSE** comes before the Court upon Plaintiff Simple Minds Limited's ("Simple Minds") Motion for Final Default Judgment ("Motion"), [ECF No. 47], filed on September 8, 2023 as to remaining Defendants numbered 2 to 15, 17 to 19, 22 to 25, and 27 to 71 ("Defaulting Defendants") listed on Exhibit 1 attached to Plaintiff's Motion, [ECF No. 47-1]. *See also* Notices of Voluntary Dismissal, [ECF Nos. 32–39]. For the reasons set forth in the Court's Order, [ECF No. 48], granting the Motion, it is hereby

**ORDERED AND ADJUDGED** that judgment is entered in favor of Plaintiff and against Defaulting Defendants as follows:

1. Permanent Injunctive Relief:

    a. Each Defaulting Defendant listed on Exhibit 1 attached to Plaintiff's Motion, [ECF No. 47-1], its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defaulting Defendant having notice of this Order are hereby permanently restrained and enjoined from:

      i. manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the SIMPLE MINDS Mark, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

      ii. secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing and/or using the SIMPLE MINDS Mark, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the SIMPLE MINDS Mark, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defaulting Defendant, including, but not limited to, any assets held by or on behalf of any Defaulting Defendant.

b. Each Defaulting Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defaulting Defendant having notice of this Permanent Injunction shall immediately and permanently discontinue the use of the SIMPLE MINDS Mark, or any confusingly similar trademarks, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs. This Order is limited to the Defaulting Defendants' listings using the SIMPLE MINDS Mark, or any confusingly similar trademarks, on or in connection with

   all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs, and does not apply to the Defaulting Defendants' entire e-commerce stores.

  c. Each Defaulting Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defaulting Defendant having notice of this Preliminary Injunction shall immediately and permanently discontinue, the use of the SIMPLE MINDS Mark, or any confusingly similar trademarks, within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet based e-commerce stores registered, owned, or operated by any Defaulting Defendant, including the Internet based e-commerce stores operating under the Seller IDs.

2. Additional Equitable Relief to give practical effect to the Permanent Injunction:

  a. Defaulting Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon Payments, Inc. ("Amazon"), Dunhuang Group which operates the DHgate.com and DHPay.com platforms, Camel FinTech Inc, ContextLogic, Inc., which operates the Wish.com website ("ContextLogic"), PayPal, Inc. ("PayPal"), eBay, Inc. ("eBay"), Etsy.com, Payoneer, Inc. ("Payoneer"), WorldFirst UK Limited ("WorldFirst"), or PingPong Global Solutions Inc. ("PingPong"), Klarna, Stripe, Inc. and/or Stripe Payments

Company ("Stripe"), LianLian, Bonanza.com, and their related companies and affiliates on which this Court imposed restraints under the Preliminary Injunction are ordered to release the funds restrained to satisfy the monetary judgments.

3. Statutory Damages in favor of Plaintiff pursuant to 15 U.S.C. section 1117(c) are hereby determined to be $100,000.00 against each Defaulting Defendant, for which sum let execution issue. The awarded amount falls within the permissible range under 15 U.S.C. section 1117(c).

4. Attorneys' fees and costs are hereby awarded in favor of Plaintiff pursuant to 15 U.S.C. sections 1117(a) and (b) in the amount of $10,897.25 in attorney's fees and $569.00 in costs against Defaulting Defendants, jointly and severally.

5. The bond posted by Plaintiff in the amount of $10,000.00 is hereby ordered to be released by the Clerk of Court.

6. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 19th day of September, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**